Filed 4/5/23  P. v. Weaver CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CURTIS RAY WEAVER,<br><br>      Defendant and Appellant. | B321205<br><br>Los Angeles County<br>Super. Ct. No. BA449412-01 |

APPEAL from an order of the Superior Court of Los Angeles Count, Mildred Escobedo, Judge.  Dismissed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

We review this appeal pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  We dismiss the appeal.

On July 14, 2017, a jury convicted appellant Curtis Ray Weaver of first degree murder in violation of Penal Code section 187, subdivision (a)[1] and possession of a firearm by a felon in violation of section 29800, subdivision (a)(1).  The jury found true the allegation that appellant personally and intentionally discharged a firearm, which proximately caused great bodily injury and death.  (§ 12022.53, subd. (d).)

On August 11, 2017, the trial court sentenced appellant to a term totaling 53 years to life in state prison.  This aggregate sentence included 25 years to life for the murder, plus 25 years to life for the firearm enhancement, plus the upper term of three years for the possession count.

We take the facts of the crimes from our opinion affirming appellant's conviction.  (*People v. Weaver* (Sept. 4, 2018, B284523) [nonpub. opn.].)  On July 31, 2016, at a birthday barbeque, appellant killed Dewayne Parham, Jr.  Parham had earlier intervened to stop an argument between appellant and another partygoer.  Appellant fired two fatal shots to Parham's abdomen and back.

On April 29, 2022, appellant filed a petition for resentencing pursuant to section 1172.6, formerly section 1170.95.  On May 12, 2022, the trial court summarily denied the petition, finding appellant ineligible for resentencing because he was the actual killer and the petition was successive.  Appellant filed a timely notice of appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

We appointed counsel to represent appellant on appeal. On February 2, 2023, counsel filed a brief pursuant to *People v. Delgadillo*. The brief raised no issues. Counsel advised us she had told appellant he may file a supplemental brief within 30 days and she had sent him the transcripts of the case as well as a copy of the *Delgadillo* brief.

On February 2, 2023, this court sent appellant a notice that a brief raising no issues had been filed on his behalf. This court advised appellant he had 30 days within which to submit a supplemental brief or letter stating any ground for an appeal he wishes this court to consider. Appellant was advised that if no supplemental brief was timely filed, his appeal may be dismissed as abandoned. Appellant did not file a supplemental brief.

We decline to engage in independent review of the record and dismiss the appeal as abandoned. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

STRATTON, P. J.

We concur:

GRIMES, J.          VIRAMONTES, J.

3